FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 3 1 2016

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARAH HAMPTON, ) | Civil Action No. |
| ) | **1:16-CV-4066** |
| Plaintiff, ) | |
| ) | **COMPLAINT AND TRIAL BY** |
| vs. ) | **JURY DEMAND** |
| ) | |
| PROTECTION ONE ALARM ) | |
| MONITORING, INC., ) | |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1.      Plaintiff Sarah Hampton ("Plaintiff") brings this action against Defendant Protection One Alarm Monitoring, Inc. ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

1

## THE TELEPHONE CONSUMER PROTECTION ACT

4.      Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Servs. LLC*, 132 S.Ct. 740, 745 (2012).

5.      In enacting the TCPA, Congress found that "'unrestricted telemarketing…can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* at 745. (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

6.      The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

7.      The TCPA gives a private right of action to individuals that allow for both injunctive relief as well as monetary damages.  Damages are calculated by the greater of actual damages or $500 for each violation of the statute.  47 U.S.C. § 227(b) (3).

## PARTIES

8.     Plaintiff is a natural person who at all relevant times resided in the State of Georgia, County of Cobb, and City of Austell.

9.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff.

## FACTUAL ALLEGATIONS

10.     Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number in connection with such subscription.

11.     Plaintiff has been a client of Defendant's home security services for around 14 years.

12.     In 2012, however, Plaintiff fell ill and has dealt with health issues ever since.

13.     Plaintiff has required extensive medical treatment and continues to get dialysis treatment three times a week.

14.     Needless to say, the medical bills and treatment have taken a toll on Plaintiff's ability to make payments to Defendant.

15.     Each month, Plaintiff made partial payments each month for whatever amount she could spare although she was unable to pay her bills to Defendant in full.

16.     Starting in 2012, Defendant began to place calls to Plaintiff's wireless number in an attempt to collect the debt.

17.      To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent was revoked around May, 2013.

18.     Following Plaintiff's revocation, Plaintiff continued to receive multiple calls a day to her wireless phone number from May, 2013 up until June, 2016.

19.     Following Plaintiff's initial revocation, Plaintiff made additional attempts to revoke consent from Defendant, none of which were complied with.

20.     During one such attempt to revoke consent, Plaintiff was informed by a representative of Defendant that the calls were the result of an autodialer and that the representative was unable to remove her name from the dialer.

21.     Following the above exchange, Plaintiff would pointedly request that Defendant's representatives remove her information from the autodialer and was repeatedly informed that they had no ability to remove her name from the dialer.

4

22.     Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

23.     Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

24.     Defendant did not have Plaintiff's prior express consent to make any calls to Plaintiff's wireless number.

25.     Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

26.     Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

27.     Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above.

28.     Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the calls identified above.

29.     Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

30.    Plaintiff repeats and re-alleges each factual allegation above.

31.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

32.     Plaintiff is entitled to and hereby demands a trial by jury.


Dated  *10/25*_____, 2016

Respectfully submitted,

Marques J. Carter
Georgia Bar No. 105133
Law Office of Marques J. Carter, LLC
3400 Chapel Hill Road, Suite 100
Douglasville, GA 30135
(888) 332-7252
(866) 842-3303 (fax)
mcarter@consumerlawinfo.com
Attorney for Plaintiff

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

Respectfully submitted,

Marques J. Carter
Georgia Bar No. 105133
Law Office of Marques J. Carter, LLC
3400 Chapel Hill Road, Suite 100
Douglasville, GA 30135
(888) 332-7252
(866) 842-3303 (fax)
mcarter@consumerlawinfo.com
Attorney for Plaintiff

8